PER CURIAM.
Hector R. Torres appeals his convictions for aggravated assault on a law enforcement officer and possession of marijuana. We affirm.
At trial, a police officer testified over defense objection that a witness had said defendant-appellant “is always armed with a .25 [pistol].” The hearsay objection was well taken. It was not a spontaneous statement “describing or explaining an event or condition made while the declar-ant was perceiving the event or condition....” § 90.803(1), Fla. Stat. (2002). See Charles W. Ehrhardt, Florida Evidence § 803.1 (2002). Thus, the hearsay exception for spontaneous statements did not apply.
Likewise, the declarant’s statement was not one which related “to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” § 90.803(2), Fla. Stat. (2002). The officer’s testimony negated the existence of any stress of excitement on the part of the declarant. Thus, the hearsay exception for excited utterances did not apply. See Charles W. Eh-rhardt, Florida Evidence § 803.2.
Under the circumstances of this case, however, the evidentiary error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.